IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAIME TREVINO, and,
ALONZO GRAJEDA,

    Plaintiffs,

v.                                                       C.A. No.:   5:19-cv-500

TOTAL TANK SYSTEMS, LLC,
JUSTIN AGUILAR and ROY E. AGUILAR,

    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JAIME TREVINO, and ALONZO GRAJEDA (hereinafter sometimes referred to collectively as "Plaintiffs"), by and through their undersigned counsel, sue Defendants, TOTAL TANK SYSTEMS, LLC, JUSTIN AGUILAR and ROY E. AGUILAR (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiffs against their employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, TOTAL TANK SYSTEMS, LLC, has offices Bexar County, Texas.

## THE PARTIES

4. Plaintiff, JAIME TREVINO, is an individual residing in Webb County, Texas.

5. Plaintiff, JAIME TREVINO, was employed by Defendants from August of 2016, to December of 2018, as a "Driver," at the monthly salary of $4,200.00 per month, plus bonuses. Plaintiff's principle duties were to haul filter pads, hoses and chemicals to Defendants' customers located solely within the state of Texas.

6. Plaintiff, ALONZO GRAJEDA, is an individual residing in Webb County, Texas.

7. Plaintiff, ALONZO GRAJEDA, was employed by Defendants from June 20, 2016, to February 2, 2018, as a "Driver," at the monthly salary of $4,200.00 per month, plus bonuses. Plaintiff's principle duties were to haul filter pads, hoses

and chemicals to Defendants' customers located solely within the state of Texas.

8. Defendant, TOTAL TANK SYSTEMS, LLC, is a limited liability company existing under the laws of the State of Texas and maintains offices in Bexar County, Texas.

9. Defendant, TOTAL TANK SYSTEMS, LLC, is a company that primarily operates a logistics and trucking business and is an employer as defined by 29 U.S.C. § 203(d).

10. Defendants, JUSTIN AGUILAR and ROY E. AGUILAR, are individuals residing in Bexar County, Texas.

11. Defendants, JUSTIN AGUILAR and ROY E. AGUILAR, are individuals who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, TOTAL TANK SYSTEMS, LLC, in relationship to Plaintiffs' employment; therefore, are joint employers as defined by 29 U.S.C. § 203(d).

12. Defendants, JUSTIN AGUILAR and ROY E. AGUILAR, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

13. Defendant, TOTAL TANK SYSTEMS, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

14. At all times material to this complaint, Defendant, TOTAL TANK

SYSTEMS, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15. At all times material to this complaint, Defendant, TOTAL TANK SYSTEMS, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

16. At all times material to this Complaint, Defendants were the employers of the Plaintiffs, and as a matter of economic reality, Plaintiffs were dependent upon Defendants for their employment.

17. Plaintiffs were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiffs performed work relating to the production of oil and gas products for interstate commerce.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

18. Plaintiffs 1) occupied positions as Drivers; 2) did not hold positions considered as exempt under the FLSA; and, 3) were paid on an salary basis.

19. Defendants' management required Plaintiffs to work in excess of 40 hours in a workweek.

20. Plaintiffs were not paid for their overtime work in accordance with the FLSA.

21. Throughout the employment of Plaintiffs, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

22. Specifically, Plaintiffs were never paid any overtime for the work performed for Defendants that was in excess of 40 hours in a workweek.

23. The work schedules for the Plaintiffs required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

24. Plaintiffs estimate that they worked as many as 70 hours in each workweek while employed by the Defendants.

25. Defendants' policy of not properly paying overtime is company-wide and was willful.

26. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

27. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

28. The acts described in the above paragraphs violate the Fair Labor

Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

29. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

30. Plaintiffs are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs, JAIME TREVINO, and ALONZO GRAJEDA, demand Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiffs their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiffs their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiffs liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs, JAIME TREVINO, and ALONZO GRAJEDA, demand a jury trial on all issues so triable.

Respectfully submitted this May 10, 2019.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFFS**